UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

WILLIAM NALLY,

              Plaintiff,

    -against-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

             Defendant.

---------------------------------------------------------- X

Case No. 1:26-cv-03659

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF WILLIAM NALLY'S COMPLAINT**

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Prudential" or "Defendant"), by and through its attorneys, hereby submits its Answer and

Affirmative and Additional Defenses to Plaintiff WILLIAM NALLY's ("Plaintiff") Complaint,

and states as follows:

**Jurisdiction and Venue**

**COMPLAINT ¶1:**

Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1), which encompasses the subject Group Long Term Disability Plan under which Plaintiff was covered.

**ANSWER:**

For purposes of this action only, Prudential admits that this Court has jurisdiction over

the subject matter of Plaintiff's claim. Prudential further admits that at certain times, Plaintiff

was a participant in a group long-term disability ("LTD") plan (the "plan") sponsored by The

Terminix Company LLC, which is an employee welfare benefit plan governed by ERISA.

Prudential denies the remaining allegations in Complaint Paragraph No. 1.

**COMPLAINT ¶2:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district.

325872567v.4

**ANSWER:**

For the purposes of this action only, Prudential denies that venue is proper in the

Southern District of New York but, for purposes of this litigation only, does not contest venue.

Prudential denies any remaining allegations in Complaint Paragraph No. 2.

**The Parties**

**COMPLAINT ¶3:**

The Plaintiff, William Nally ("Nally" or "Plaintiff"), born December 1, 1964, is a resident of New York and resides at 1334 Sunset Road, Castleton, NY 12033.

**ANSWER:**

On information and belief, Prudential admits the allegations in Complaint Paragraph No.

3.

**COMPLAINT ¶4:**

Defendant, The Prudential Insurance Company of America, is an insurance company that, through its Disability Management Services, administers long-term disability claims. At all times relevant hereto, Defendant was doing business throughout the United States and within the Southern District of New York.

**ANSWER:**

Prudential admits that it is an insurance company authorized to transact and is transacting

business throughout the United States and within the Southern District of New York. Prudential

further admits that, at certain times, it provides certain administrative services with respect to

claims for certain LTD benefits brought by participants pursuant to the terms and conditions of

the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 4.

**The ERISA Plan**

**COMPLAINT ¶5:**

This action is brought as a claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Nally seeks payment of long-term disability benefits due under a group policy of insurance, number 70310 ("the Policy"), issued by The Prudential

2

Insurance Company of America for the benefit of employees of The Terminix Company, LLC and Rentokil North America, Inc.

**ANSWER:**

Prudential admits that Plaintiff purports to bring this action pursuant to ERISA § 502(a)(1)(B) to recover LTD benefits. Prudential further admits that, pursuant to Group Contract No. G-70310-TN issued by Prudential to The Terminix Company LLC, it insures certain LTD benefits to certain eligible individuals as part of an employee welfare benefit plan sponsored by The Terminix Company LLC. Prudential denies the remaining allegations in Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

The Policy provides payment of monthly disability income benefits for participants that meet the definition of Disability.

**ANSWER:**

The allegations in Complaint Paragraph No. 6 regarding the plan purport to characterize the contents for written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize the documents, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

The Prudential Insurance Company of America is the claims fiduciary responsible for administering the Policy.

**ANSWER:**

Prudential admits that it performs certain administrative functions with respect for LTD benefits brought pursuant to the terms of the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 7.

3

**COMPLAINT ¶8:**

At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

**ANSWER:**

Prudential admits that the plan is an employee welfare benefit plan governed by ERISA.

Prudential denies the remaining allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

Incident to his employment with The Terminix Company, LLC and Rentokil North America, Inc., Nally received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

**ANSWER:**

Prudential admits that, at certain times, Plaintiff was employed by The Terminix Company LLC, which, on information and belief, was acquired by Rentokil North America, Inc. (collectively referred to as "Terminix"). Further, Prudential was, at certain times, a participant in the plan within the meaning of ERISA. Prudential denies the remaining allegations in Complaint Paragraph No. 9

**Statement of Facts**

**COMPLAINT ¶10:**

Immediately prior to ceasing work, Nally was successfully employed as an Outside Sales Professional (salesperson/home inspector; job title: RESI OUTSIDE SALES PROF III) for The Terminix Company, LLC and Rentokil North America, Inc.

**ANSWER:**

Prudential admits that, at certain times, Plaintiff was employed by Terminix as an Outside Sales Professional. Prudential denies the remaining allegations in Complaint Paragraph No. 10.

4

**COMPLAINT ¶11:**

Since at least 2022, Nally has been diagnosed and/or has suffered from multiple debilitating conditions, including cervical disc herniation and foraminal stenosis, cervical radiculopathy (pinched nerve in the neck), with associated diagnoses of cervical stenosis and cervical spondylosis, and upper extremity paresthesias (numbness/tingling), with associated pain radiating from the neck (including the posterior neck) into the left upper extremity to the hand, including numbness into the index finger > thumb, with hand numbness and weakness, along with neck, arm, bilateral shoulder, and upper back pain.

**ANSWER:**

Prudential admits that Plaintiff  has been diagnosed with various conditions since 2022.

The allegations in Complaint No. 11 regarding Plaintiff's diagnoses refer to medical records

which are written documents that speak for themselves and are the best evidence of their

contents. To the extent these allegations mischaracterize or are inconsistent with those

documents, they are denied. Prudential denies the remaining allegations in Complaint No. 11,

and specially denies that Plaintiff is disabled under the plan.

**COMPLAINT ¶12:**

Diagnostic studies of the cervical spine, including a cervical spine MRI dated March 2, 2022, demonstrate right-greater-than-left neural foraminal narrowing at C4-5; at C5-6, mild-to-moderate central stenosis with mild cord impingement and right-greater-than-left foraminal stenosis; and at C6-7, mild-to-moderate central stenosis with mild cord impingement, with only a little foraminal narrowing on the right. Cervical radiographs dated September 5, 2022 further show loss of lower cervical lordosis and spondylosis mainly at C6-7 with anterior spurring and mild loss of disc height.

**ANSWER:**

The allegations in Complaint No. 12 regarding the diagnostic studies refer to documents

that speak for themselves and are the best evidence of their contents. To the extent these

allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential

denies the remaining allegations in Complaint No. 12.

**COMPLAINT ¶13:**

Subsequent diagnostic studies include a cervical spine MRI dated June 20, 2025, which demonstrated foraminal stenosis left greater than right at C4-5, moderate central stenosis with left greater than right foraminal stenosis at C5-6, and mild-to-moderate central stenosis with left greater than right foraminal stenosis at C6-7.

**ANSWER:**

Prudential admits that subsequent diagnostic studies were performed including an MRI on June 20, 2025. The remaining allegations in Complaint No. 13 regarding the June 20, 2025 MRI report purport to recite the contents of a written document that speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or misconstrue the document, they are denied. Prudential denies the remaining allegations in Complaint No. 13.

**COMPLAINT ¶14:**

Nally's medical history also includes myofascial pain/myalgia, fatigue with insomnia/sleep disturbance, and his records reflect mental health diagnoses including anxiety disorder, Bipolar I disorder, depressive disorder, and panic disorder.

**ANSWER:**

The allegations in Complaint No. 14 refer to Plaintiff's medical records, which are written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint No. 14.

**COMPLAINT ¶15:**

Individually and collectively, these conditions exacerbate his functional limitations and impair his capacity to engage in daily activities or maintain gainful employment.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

Nally's treatment plan has included multiple medications to address his cervical pain and radicular symptoms, including Zanaflex (tizanidine) 4 mg (one tablet twice daily as needed for

325872567v.4

pain spasms, no driving), NSAIDs as needed (including naproxen 500 mg every 12 hours as needed for inflammation and pain), and muscle relaxants including cyclobenzaprine (Flexeril) and baclofen 10 mg (one tablet twice a day as needed for pain), as well as oxycodone-acetaminophen 5/325 mg for pain flares. Neurontin/gabapentin was also tried without benefit. Nally's psychiatric medication regimen includes Lamictal (150 mg), Aripiprazole (5 mg) for bipolar, and Klonopin (clonazepam) (0.5 mg) as needed for anxiety.

**ANSWER:**

Prudential admits that Plaintiff's treatment plan, at certain times, includes medications. The allegations in Complaint Paragraph No. 16 regarding Plaintiff's treatment plan refer to medical records which are written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 16.

**COMPLAINT ¶17:**

Nally has pursued conservative treatment for his cervical spine condition, including physical therapy and a home exercise program, and has also undergone injection-based pain management, including a C7-T1 interlaminar steroid injection in November 2020 and a cervical epidural steroid injection (interlaminar, left C7-T1) on March 21, 2023 after which he did not have much of any relief. Despite these measures, he continues to experience persistent cervical pain with radicular symptoms and functional limitations.

**ANSWER:**

Prudential admits that Plaintiff has pursued certain treatments for his cervical spine condition. The allegations in Complaint Paragraph No. 17 regarding Plaintiff's treatments refer to medical records which are written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 17.

325872567v.4

**COMPLAINT ¶18:**

As a result of his ongoing symptoms, Plaintiff last worked at The Terminix Company, LLC and Rentokil North America, Inc. as an Outside Sales Professional on or about January 25, 2023.

**ANSWER:**

Prudential admits that, at certain times, Plaintiff worked for Terminix and Rentokil as an Outside Sales Professional and that he stopped working for Terminix on January 25, 2023. Prudential denies the remaining allegations in Complaint Paragraph No. 18 and expressly denies that Plaintiff is disabled under the plan.

**COMPLAINT ¶19:**

Plaintiff received short-term disability benefits administered by AbsenceOne / Sedgwick Claims Management Services, Inc. (on behalf of The Terminix Company, LLC and Rentokil North America, Inc.) beginning on or about January 26, 2023, and approved through February 9, 2023. After completion of the Elimination Period, Plaintiff's claim transitioned to long-term disability benefits, and Defendant approved LTD benefits effective April 26, 2023.

**ANSWER:**

Prudential admits that Plaintiff received short-term disability ("STD") benefits administered by AbsenceOne / Sedgwick Claims Management Services, Inc. from January 26, 2023 through February 9, 2023. Prudential further admits it approved Plaintiff's claim for LTD benefits under the plan effective April 26, 2023. Prudential denies the remaining allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

Despite his inability to work, Defendant denied Plaintiff's claim for long-term disability benefits beyond April 25, 2025 (terminated effective April 26, 2025) as it determined Plaintiff's conditions/symptoms would not prevent him from performing any gainful occupation.

**ANSWER:**

Prudential admits that, by letter dated April 23, 2025 it terminated Plaintiff's claim for LTD benefits under the plan effective April 26, 2025. The allegations in Complaint Paragraph

8

No. 20 regarding the April 23, 2025 letter purport to recite the contents of a written document, which speaks for itself and is the best evidence of its terms. To the extent these allegations mischaracterize or are inconsistent with the letter, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 20.

**COMPLAINT ¶21:**

In anticipation of appealing the denial of benefits, Plaintiff's attorneys promptly requested an extension of the appeal deadline, which was granted by Defendant.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 21.

**COMPLAINT ¶22:**

On October 8, 2025, Plaintiff's attorneys filed an appeal of the Defendant's decision to deny long-term disability benefits.

**ANSWER:**

Prudential admits that, by letter dated October 8, 2025, Plaintiff through counsel, appealed Prudential's determination to terminate LTD benefits under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

On December 30, 2025, Defendant notified Plaintiff's attorneys that it would uphold the prior decision to deny long-term disability benefits.

**ANSWER:**

Prudential admits that, by letter dated December 30, 2025, it upheld its decision to terminate Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

Defendant denied Plaintiff long-term disability benefits despite the opinions of multiple medical professionals who assessed his condition.

325872567v.4

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 24.

**COMPLAINT ¶25:**

On June 16, 2025, Plaintiff was evaluated by Charles J. Buttaci, D.O. (OrthoNY) in follow-up for cervical radiculopathy. Dr. Buttaci noted that, since the prior evaluation, Plaintiff's cervical radiculopathy was worse, and Plaintiff reported pain in the lower neck shooting down his arms and difficulty sleeping at night because he cannot get comfortable, including with sitting. Dr. Buttaci recorded that Plaintiff reported a change: worse, with timing described as "with activity, constant, and morning," with associated stiffness and weakness, and severity described as "Intense (10)." Dr. Buttaci further noted that Plaintiff's neck pain radiating to the left arm (worse than the right) had abruptly worsened over the past six weeks, and that when Plaintiff lowers his left arm from an overhead position, the pain becomes unbearable. On examination, Dr. Buttaci documented diminished sensation in the left C6 dermatome. Dr. Buttaci assessed likely progression of Plaintiff's cervical condition, prescribed a Medrol Dosepak and a short-term prescription for hydrocodone-acetaminophen, ordered an updated cervical MRI without contrast, and directed follow-up with Dr. Whalen.

**ANSWER:**

Prudential admits that Plaintiff was seen by Charles J. Buttaci, D.O. ("Dr. Buttaci") on June 16, 2025. The allegations in Complaint No. 25 regarding Plaintiff's visit with Dr. Buttaci purports to recite the contents of a written document, the June 16, 2025 office visit note, which speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint No. 25.

**COMPLAINT ¶26:**

On June 16, 2025, Charles J. Buttaci completed a Physical Capabilities Form in connection with Plaintiff's long-term disability claim. Buttaci indicated that Plaintiff's limitations are permanent and opined that Plaintiff is capable of "no work at all." Buttaci further indicated that, in an eight-hour workday, Plaintiff can sit for approximately 20 minutes, walk for approximately 20 minutes, and stand for 1 hour total; and, at one time, Plaintiff can sit for approximately 5 minutes, walk for approximately 5 minutes, and stand for approximately 10 minutes. Buttaci checked that Plaintiff is unable to perform lifting/carrying activities (including even at the lowest weight category), and marked significant limitations/restrictions with postural activities such as bending, kneeling, squatting, climbing, reaching (including above shoulder), and twisting, with permitted activity (where allowed) limited to approximately 10 minutes per day. Buttaci also indicated no repetitive movement with the left hand, only occasional repetitive

325872567v.4

movement with the right hand and feet, and marked "never" for head/neck flexion and extension. These findings further support Plaintiff's claim that he is unable to meet the physical demands of his past occupation or any gainful employment.

**ANSWER:**

Prudential admits that Plaintiff submitted a document titled "Physical Capabilities Form" completed by Dr. Buttaci, DO on June 16, 2025. The allegations in Complaint Paragraph No. 26 regarding the Physical Capabilities Form purport to recite the contents of a written document, which speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or are inconsistent with the Physical Capabilities Form, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 26.

**COMPLAINT ¶27:**

On June 24, 2025, Plaintiff was evaluated by his treating orthopedist/spine provider, John T. Whalen, M.D. (OrthoNY). Despite Plaintiff's ongoing impairments, Dr. Whalen noted Plaintiff "has had ongoing problems for years" and that "it is getting worse," with neck pain radiating into the left greater than right arm, mainly into the anterolateral upper arm and radial forearm to the 2nd and 3rd digits, with weakness and "dropping pains" in the hand and some unsteadiness of gait. On examination, Dr. Whalen documented grossly limited cervical range of motion with pain (approximately 20° flexion, 10° extension, and 40° rotation bilaterally), left upper-extremity strength 4/5 (left deltoid, biceps, triceps, and wrist extension), and diminished sensation in the left C6 and C7 dermatomes. He further recorded that Plaintiff could toe-walk and heel-walk bilaterally but was unsteady, especially with heel walking. Dr. Whalen reviewed cervical spine imaging (including the 06/20/2025 MRI and 06/24/2025 X-rays) and discussed treatment options, including ACDF C5-C7 in the plan.

**ANSWER:**

Prudential admits that Plaintiff was seen by John T. Whalen, M.D. ("Dr. Whalen") on June 25, 2025. The allegations in Complaint No. 27 regarding Plaintiff's visit with Dr. Whalen purport to recite the contents of a written document, the June 25, 2025 office visit note, which speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint No. 27.

11

**COMPLAINT ¶28:**

Dr. Whalen further documented that, while ACDF surgery may have a reasonable chance of improving Plaintiff's arm symptoms, there are no guarantees and Plaintiff could remain the same or worsen following surgery, and complete relief is not expected, with neck pain that may or may not improve.

**ANSWER:**

The allegations in Complaint No. 28 regarding Plaintiff's visit with Dr. Whalen purport to recite the contents of a written document, the June 25, 2025 office visit note, which speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint No. 28.

**COMPLAINT ¶29:**

On July 20, 2024, Plaintiff was granted Social Security Disability Insurance ("SSDI") benefits, with a finding that Plaintiff became disabled under the Social Security Administration's rules as of January 25, 2023, and that he was entitled to monthly disability benefits beginning July 2023. This SSDI award further supports the severity of Plaintiff's impairments and his inability to sustain gainful employment.

**ANSWER:**

Prudential admits that by letter date July 20, 2024, the Social Security Administration ("SSA") approved disability benefits. The remaining allegations in Complaint No. 29 regarding July 20, 2024 SSA letter refers to a written document which speaks for itself and is the best evidence of its content. To the extent these allegations mischaracterize or are inconsistent with this document, they are denied. Prudential denies the remaining allegations in Complaint No. 29.

**COMPLAINT ¶30:**

Since April 26, 2025, Defendant has failed and refused to provide Plaintiff with the long-term disability benefits to which he is legally entitled, despite the fact that Plaintiff remains disabled from working.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 30.

325872567v.4

**First Cause of Action**

**COMPLAINT ¶31:**

Plaintiff hereby incorporates by reference all the foregoing paragraphs within the Complaint as though the same were fully set forth at length herein.

**ANSWER:**

Prudential incorporates herein by reference its answers to Complaint Paragraphs Nos. 1 through 30 as though fully set forth herein.

**COMPLAINT ¶32:**

Plaintiff's current and anticipated disability has continuously and persistently prevented him from performing the material and substantial duties of any occupation.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 32.

**COMPLAINT ¶33:**

Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned long-term disability policy, and, to date, the Defendant has failed and refused to provide long-term disability benefits to Plaintiff beyond April 25, 2025.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 33.

**COMPLAINT ¶34:**

By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 34.

**COMPLAINT ¶35:**

As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 35.

325872567v.4

## Relief Sought

WHEREFORE, Plaintiff demands judgment against the Defendant, and requests that this Honorable Court:

A.      Enter judgment in Plaintiff's favor and against the Defendant;

B.      Order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled, with interest;

C.      Order the Defendant to continue paying Plaintiff long-term disability benefits in an amount equal to the contractual amount of benefits to which he is entitled, through the Policy's Maximum Benefit Period;

D.      Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

E.      Award Plaintiff any and all other contractual and/or equitable relief to which he may be entitled.

## ANSWER:

The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to their denials and other statements of their pleadings, Prudential alleges the following affirmative and additional defenses:

1.      The decision to close Plaintiff's claim for benefits should be reviewed under the abuse of discretion or arbitrary and capricious standard.

2.      The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim.

3.      Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

4.      Any benefits due are subject to offset, integration, or other deduction or adjustments in accordance with the plan's terms.

14

325872567v.4

5.      There is no vesting of benefits under the plan, and thus Plaintiff may not recover benefits for a future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6.      Plaintiff seeks benefits that are not provided under the plan.

7.      Venue is not convenient to the location of the parties and witnesses in the United States District Court for the Southern District of New York.

8.      Venue in this matter is not proper in this federal district or this district is not the most appropriate venue for this case.

Prudential reserves its right to amend the answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Prudential denies that Plaintiff is entitled to the relief requested or any relief whatsoever and respectfully submits that the Complaint should be dismissed with prejudice and that Prudential should be awarded its costs and attorneys' fees and any other relief that the Court deems just and proper.

Dated: New York, New York          Respectfully submitted,
       June  10, 2026
                                   SEYFARTH SHAW LLP


                                   By: */s/ Alnisa Bell*
                                       Alnisa Bell
                                       abell@seyfarth.com
                                       620 Eighth Avenue
                                       New York, New York  10018
                                       Telephone:  (212) 218-5500
                                       Facsimile:  (212) 218-5526

                                   *Attorneys for Defendant*
                                   *The Prudential Insurance Company of America*

325872567v.4

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Larissa Staskwiz
Swartz Culleton PC
547 E. Washington Ave.
Newtown, PA 18940
215-550-6553
Fax: 215-550-6557
Email: lstaszkiw@swartzculleton.com

*Attorneys for the Plaintiff*

/s/ Alnisa Bell
Alnisa Bell
*Attorneys for Defendant*
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

16

325872567v.4